1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHOICE RAC, LLC,

                              Plaintiff,

        v.

ERNESTO HERRERA and NORA
HERRERA,

                              Defendants.

Case No. 2:24-cv-00244-MMD-EJY

ORDER

## I.    SUMMARY

Plaintiff Choice RAC, LLC ("Choice RAC") sued Defendants Ernesto and Nora Herrera ("Defendants" or "the Herreras") in their personal capacities for defaulting on a loan for the purchase of commercial property, which Defendants had personally guaranteed, and for breach of agreed-upon material terms. (ECF No. 11.) Choice RAC asserts two claims: (1) breach of contract; and (2) maker liability regarding a promissory note. (ECF No. 11 at 4-5.) Before the Court is Plaintiff's amended motion for summary judgment on both claims.[1] (ECF No. 46 ("Motion").) Because Plaintiff has demonstrated valid execution of the enforceable, secured Promissory Note dated May 13, 2022 (ECF No. 46-5 at 3 ("Note")), in which Defendants signed and personally guaranteed repayment

---

[1]The Court found that Plaintiff's amended motion for summary judgment (ECF No. 46) rendered its prior motion for summary judgment (ECF No. 30) moot and, therefore, denied the earlier filed motion without prejudice. (ECF No. 49.) Defendants filed a response (ECF No. 34) to the original motion (ECF No. 30), and Plaintiff replied (ECF No. 38). Defendants, however, did not file a response to the amended motion (ECF No. 46), and the deadline to oppose the motion has expired. (*See* ECF No. 48.) Notably, Defendants have represented themselves since March 2025 after their counsel withdrew and after Plaintiff filed its amended Motion. (ECF No. 44.) Accordingly, while the operative motion is the amended Motion, the Court considers Defendants' response to the prior motion in evaluating the Motion on the merits.

of the loan, but, thereafter, failed to pay, and because Defendants have not offered any admissible evidence showing proof of repayment, the Court will grant the Motion.

## II.    RELEVANT BACKGROUND[2]

Choice RAC is a Nevada limited liability company with its principal place of business in Nevada, and Aggie and Richard Choi are the only members of the entity. (ECF No. 11 at 1; ECF No. 46-1 at 3.) Mr. and Mrs. Choi are also members with 50% ownership interests each in Turner Properties, LLC, a Texas limited liability company ("Turner"). (ECF No. 46-1 at 3.) Defendants are residents of the State of Texas (ECF No. 11 at 1), and Nora Herrera owns and manages the partnership A.B.A.N.E. Properties, Ltd. ("ABANE"). (ECF No. 34-2 at 2.) Turner and ABANE are members with 50% ownership interests in an entity called CH Property Partners, LLC ("CH Property Partners"), which was formed to purchase a commercial building located at 416 N. Stanton, El Paso, Texas, 79901 (the "Property"). (ECF No. 46-1 at 3; *see also* ECF No. 34-2 at 2-3.)

After ABANE announced it lacked sufficient funds to contribute to its share of the Property purchase, the Chois, through their corporate entity, loaned the necessary amount to the Herreras. (ECF No. 46-1 at 3.) Plaintiff and Defendants executed the Note reflecting the loan in the principal amount of $1,215,539.47 made payable to Choice RAC, the holder and lender, which represented ABANE's half of the purchase price. (ECF No. 11-1 at 2; ECF No. 46-1 at 3.) The Note was executed on behalf of both ABANE and Ernesto and Nora Herrera, who signed as guarantors in their personal capacities. (ECF No. 46-5 at 7.) Consistent with the terms of the Note, Defendants agreed to repay all principal, interest, costs, and expenses associated with the Note by November 1, 2022 (the "Maturity Date"). (*Id.* at 3.)

Defendants defaulted on the loan. (*See* ECF No. 46-5 at 7 (referencing the outstanding amount due under the Note plus accrued interest).) As a result, on January 22, 2024, Plaintiff's counsel sent a ten-day notice of default and acceleration (the "Notice

---

[2]The following facts are undisputed unless otherwise noted.

of Default") indicating that adequate payment on the loan had not been received. (*Id.*; *see also* ECF No. 46-10 at 2.) The letter noted that Defendants were required to pay an outstanding balance of $1,322,292.69 (the "Balance") on the Note, consisting of principal ($1,215,539.47), accrued interest ($105,853.22) as of January 1, 2024, and attorney's fees ($900), within ten days.[3] (*Id.*) Defendants failed to pay the Balance on the Note within the ten days and have not made any voluntary payments on the loan since then. (ECF No. 46-1 at 6-7.)

## III.    DISCUSSION

Plaintiff seeks summary judgment on both of its claims: (1) breach of contract; and (2) maker liability regarding the Note. (ECF No. 46 at 8-12.) Defendants dispute the existence and the enforceability of the Note in an attempt to resist summary judgment. (*See* ECF No. 34 at 11.) The Court will first address Plaintiff's prima facie breach of contract case before turning to the defenses Defendants raised in opposition to the initial motion: economic duress (*id.* at 12-13); unconscionability (*id.* at 13-14); lack of standing (*id.* at 14-15); and "fraud, unclean hands, and illegality" (*id.* at 15-16).

### A. Breach of Contract

The Court will first address whether a valid, enforceable contract exists before turning to the alleged breach and the damages incurred. Plaintiff argues that it is entitled to summary judgment on its breach of contract claim because Defendants personally guaranteed repayment of a loan vis-à-vis the Note and then failed to pay. (ECF No. 46 at 11-12.) Defendants counter that this claim fails because no enforceable contract exists, citing a lack of consideration (ECF No. 34 at 11-12), a lack of standing (*id.* at 14-15), and because the Note is "not a negotiable instrument" under NRS § 104.3104 (*id.* at 10-11). The Court agrees with Plaintiff.

///

---

[3]In its Motion, Plaintiff provided an updated calculation of damages that includes accrued interest since the filing of the initial motion on September 20, 2024. (ECF No. 46 at 7.) According to Plaintiff, the total amount outstanding under the Note as of the filing of the amended Motion on June 5, 2025 is $1,526,514.97. (*See* ECF No. 46-1 at 7.)

Under Nevada law, to prevail on a breach of contract claim, a plaintiff must establish four elements: "(1) formation of a valid contract; (2) performance or excuse of performance by the [moving party]; (3) material breach by the defendant; and (4) damages." *Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087, 1096 (D. Nev. 2024) (citing *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement."). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson,* 119 P.3d 1254, 1256 (Nev. 2005). As to contract formation, "preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms." *Id.* (holding that "[a] valid contract cannot exist when material terms are lacking or are insufficiently certain and definite"). Moreover, in Nevada, "contracts will be construed from the written language and enforced as written." *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990).

As stated, formation of a valid and enforceable contract requires mutual assent to the contract's essential terms. *See May*, 119 P.3d at 1256. Here, the signed and secured Note (ECF No. 46-5) constitutes a valid and enforceable contract. It is a formal written agreement that memorializes the parties' agreed-upon material terms and satisfies traditional contract principles, including offer and acceptance, a meeting of the minds, and consideration. That is, a valid contract arose when Plaintiff loaned ABANE and the Herreras $1,526,514.97 to cover half of its purchase price of the Property, and, in exchange, ABANE and the Herreras promised to repay the amount under the terms of the Note by the November 1, 2022 maturity date. (*See* ECF No. 46 at 11.)

Moreover, although Defendants argue that the Note is unenforceable for "lack of consideration" (ECF No. 34 at 11-12), the guaranteeing of a corporate debt constitutes sufficient consideration, and, here, Plaintiff has presented undisputed evidence that

Defendants provided such consideration by signing the Note.[4] (ECF No. 46-5 at 7); *see Bradley v. Romeo*, 716 P.2d 227, 228 (Nev. 1986) (holding that "antecedent debt flowing to a third party" is sufficient consideration to establish liability on a promissory note); *see also* NRS § 104.3303(1)(c) (providing that consideration is present if an instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due).

Defendants also counter that, under Nevada law, the Note is not a "negotiable instrument" and is, therefore, unenforceable because it fails to satisfy the requirements of NRS § 104.3104, as it is neither: (1) "payable to bearer or to order" nor (2) "payable on demand or at a definite time," and also because it "includes other undertakings and instructions," such as the execution of a deed of trust. (ECF No. 34 at 10-11.) Under NRS § 104.3109(2), a promise or order is "payable to order" if it is "payable to the order of an identified person," and, here, the Note is made payable to Choice RAC, the "payee." (ECF No. 46-5); *see also Thomas v. BAC Home Loans Servicing, LP*, 373 P.3d 967, 2011 WL 6743044, at *3 (Nev. 2011) (unpublished) (holding that a promissory note is enforceable by the holder of the note); *compare Wishengrad v. Carrington Mortg. Servs.*, 529 P.3d 880 (Nev. 2023) (holding that borrowers' home equity line of credit agreement was a "negotiable instrument"). The first NRS § 104.3104 requirement is accordingly satisfied here. Turning to the second requirement, the Note is payable "on or before November 1, 2022," satisfying the statute's maturity requirement. (ECF No. 46-5); *see* NRS § 104.3108(2) ("a promise or order is 'payable at a definite time' if it is payable…at a fixed date or at a time readily ascertainable at the time the promise or order is issued"). Further, under NRS § 104.3104(1)(c)(1), a negotiable instrument's promise or order may include "an undertaking or power to give, maintain or protect collateral to secure payment," and, here, the Note's "Security" provision contains typical remedies in the event of default.

---

[4]Plaintiff also argues that Defendants failed to plead the affirmative defense of "lack of consideration" in their Answer. (ECF No. 20 at 7.) However, because the Court agrees with Plaintiff on the merits, it will not address the alleged procedural bar.

1 (ECF No. 46-5 at 4.) The Court accordingly rejects Defendants' argument and concludes
2 that Plaintiff is entitled to summary judgment on its maker liability claim.

3   In addition, Defendants challenge Plaintiff's standing to enforce the Note because
4 of Aggie Choi's "charitable trust status." (ECF No. 34 at 14-15.) But Defendants fail to
5 provide sufficient evidence proving that the Chois' charitable trust status has a material
6 bearing on Plaintiff's standing. Because no evidence presented contradicts Plaintiff's
7 standing as the named payee and holder of the Note, the Court accordingly rejects
8 Defendants' argument. *See* NRS § 104.3301(1) ("Person entitled to enforce" a negotiable
9 instrument means "[t]he holder of the instrument" or the "nonholder in possession of the
10 instrument who has the rights of a holder"). In sum, the Court finds that the Note reflects
11 the existence of a valid contract, which Plaintiff has standing to enforce.

12   That brings the Court to material breach and damages. Because a material breach
13 of contract gives rise to a claim for damages, an injured party is "both excused from its
14 contractual obligation and entitled to seek damages for the other party's breach." *Cain v.*
15 *Price*, 415 P.3d 25, 29 (Nev. 2018). To prevail, Plaintiff must prove both the: (1) existence
16 of; and the (2) amount of damages. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621
17 (9th Cir. 1993). Here, Plaintiff paid the full amount owed for the Property purchase at
18 closing on May 13, 2022. (ECF No. 46-1 at 3-4.) Defendants agreed to the terms of the
19 Note in the principal amount of $1,215,539.47 payable to Choice RAC but then breached
20 their promise to repay the amount loaned (i.e., ABANE's half of the purchase price or
21 approximately half of the closing funds). (*Id.*) As a result, Plaintiff has since sustained
22 $1,526,514.97 in damages. (*Id.* at 7.)

23   Summary judgment is appropriate if the jury would not be left to "'speculation or
24 guesswork' in determining the amount of damages to award." *McGlinchy v. Shell Chem.*
25 *Co.*, 845 F.2d 802, 808 (9th Cir. 1988) (citation omitted). In its Motion, Plaintiff accurately
26 calculates the total amount of damages owed (ECF No. 46 at 7-8) consistent with the
27 terms of the Note (ECF No. 46-5) as follows:
28 ///

Principal Amount: $1,215,539.47

Interest 5.5% (Nov. 22 – Jan. 24): $77,997.11

Default Interest 10% (Feb. 24 – June 2025): $172,201.42

Late Charge of 5%: $60,776.97

_____

**Total: $1,526,514.97**

And as noted, Defendants have failed to provide any evidence that they have made any payments on the balance owed under the Note since receiving the notice of default. The Court thus finds Plaintiff is entitled to damages in the amount of $1,526,514.97, representing the full extent of the loss incurred as a result of Defendants' material breach.

In sum, the Court finds no material disputes of fact remain as to: (1) the existence and enforceability of the Note; (2) whether and when Defendants breached the Note; and (3) the damages incurred. Accordingly, the Court will grant the Motion as to Plaintiff's breach of contract claim.

**B. Defendants' Affirmative Defenses: Economic Duress & Unconscionability**

As noted, Defendants failed to respond to the Motion. However, the Court will briefly address the arguments Defendants raised in their response to the original motion for summary judgment. [5] In that response, Defendants raised multiple affirmative defenses—including economic duress and unconscionability (procedural and substantive)—arguing that any contract with Plaintiff should be voided, and that any purported breach should be excused. (ECF No. 34 at 12-14.) However, as Plaintiff points out in its reply (ECF No. 38 at 11-15), Defendants waived their ability to raise these

_____

[5]In its amended Motion, Plaintiff further points out that that Defendants asserted the affirmative defenses of fraud, lack of standing, illegality, unclean hands, and the statute of frauds in their Answer (ECF No. 20). (ECF No. 46 at 12.) The Court agrees with Plaintiff that these defenses also fail for the following reasons. First, there is insufficient evidence to support the contention that Plaintiff engaged in fraud, "illegality," or "unclean hands." Second, as discussed, Plaintiff, as the owner and holder of the Note, has standing to enforce the Note. Third, the statute of frauds does not apply here because the Note is a signed writing. (*See, e.g.*, ECF No. 46-5.)

affirmative defenses by failing to assert them in their Answer (ECF No. 20 at 7 (declining to raise economic duress and unconscionability)). *See Taylor v. United States*, 821 F.2d 1428, 1432 (9th Cir. 1987) (stating that affirmative defenses not raised in an answer are waived). As Plaintiff correctly asserts in its reply (ECF No. 38 at 9, 11, 12), Defendants also failed to meet Fed. R. Civ. P. 16(b)(4)'s "good-cause" standard for asserting an affirmative defense for the first time in response to a motion for summary judgment. *See TB Holding Co. LLC v. J&S Siding*, Case No. 4:22-cv-00307-BLW, 2024 WL 1486144, at *3 (D. Idaho Apr. 5, 2024) ("[I]f a defendant seeks to assert new affirmative defenses in a motion for summary judgment after the scheduling-order deadline for amending pleadings has passed, then Rule 16(b)'s good-cause standard applies.") (internal citation omitted).

Even if Defendants had not waived their ability to raise economic duress, their failure to present evidence establishing the elements of the defense (such as a "sufficiently coercive, wrongful act" or an absence of "reasonable alternatives") invalidates their argument. *See My Daily Choice, Inc. v. Butler*, Case No. 2:20-cv-02178-JAD-NJK, 2021 WL 3475547, at *7 (D. Nev. Aug. 6, 2021) (summarizing the elements of an economic duress claim as including: "(1) a sufficiently coercive, wrongful act on the part of the defendant; (2) no reasonable alternative on the part of the plaintiff; (3) knowledge of the plaintiff's economic vulnerability; and (4) actual inducement to contract"). Even construing Defendants' testimony in the light most favorable to them as the non-moving party,[6] Defendants state in their own declaration that they consented to "work[ing] on a promissory note later" (ECF No. 34-1 at 3), which falls more than short of coercion.

Moreover, the Ninth Circuit has held that the absence of reasonable alternatives may exist "when the only other alternative is bankruptcy or financial ruin." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1119 (9th Cir. 2018) (internal citation omitted). Here, Defendants fail to provide any evidence indicating that they had "no reasonable alternative" to signing the Note or that refusing to sign would have resulted in "financial

---

[6]In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

ruin." Rather, in her declaration, Nora Herrera states that "ABANE had sufficient funds to purchase the Property without the assistance of anyone else" and that ABANE, separately, "purchased, managed, and operated over 10 properties," suggesting no evidence of financial vulnerability. (ECF No. 34-2 at 5.)

Additionally, to invalidate a contract as "unconscionable," Nevada law requires both procedural and substantive unconscionability. *See, e.g.*, *U.S. Home Corp. v. Michael Ballesteros Tr.*, 415 P.3d 32, 40 (Nev. 2018). Even if Defendants had not waived their ability to raise unconscionability (procedural and substantive), which requires evidence of "unequal bargaining power" and "one-sided" terms, respectively, the parties each held equal 50% ownership interests in CH Property Partners (ECF No. 46-1 at 3; *see also* ECF No. 34-2 at 2-3), and the terms of the Note are not disproportionately favorable to one side.

In sum, the Court finds that Defendants fail to meet their burden in opposing summary judgment, as their affirmative defenses are barred both procedurally and on the merits.

///

///

///

///

///

///

///

///

///

///

///

///

///

1

**IV.    CONCLUSION**

2          The Court notes that the parties made several arguments and cited several cases

3    not discussed above. The Court has reviewed these arguments and cases and

4    determines that they do not warrant discussion, as they do not affect the outcome of the

5    issues before the Court.

6          It is therefore ordered that Plaintiff's amended motion for summary judgment (ECF

7    No. 46) is granted.

8          It is further ordered that Defendants are liable to Plaintiff in the amount of

9    $1,526,514.97.

10          The Clerk of Court is directed to enter judgment accordingly—in Plaintiff's favor—

11    and close this case.

12          DATED THIS 12th Day of January 2026.

13

14

15          _____
16          MIRANDA M. DU
            UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28